By the Court :
It is proper to say that no charge of bad faith is made against counsel who obtained the judgment. Other cases of like character were pending between the same parties, and it is probable that the' demurrer and memorandum had been placed with the files in one of the other cases, and were, for that reason, overlooked. Nor was there failure to act promptly on the part of counsel for defendants. They filed the motion immediately upon learning that the default judgment had been taken.
The judgment of vacation is attacked upon two grounds: 1. That the motion came too late; if available at any time it should have been filed not later than the third day of the succeeding (January) term. 2. That the judgment of vacation *205 could not be lawfully entered until the court had first found and adjudged that a valid defense to the action had been shown.
Other questions are argued, but the record eliminates them from consideration.
The case turns, therefore, upon whether or not the motion was filed in time, and whether the common pleas had -power to vacate before finding that a valid defense had been shown.
Section 5357, Revised Statutes, provides : “The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action; but the motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term.”
It is manifest that the ground of the motion was irregularity in obtaining the default judgment, for the regular course of practice would require that the demurrer be disposed of before judgment on the petition, and this without reference to any local rules of practice, as to pressing the demurrer for hearing, noting the case for trial, or placing it upon a bar list, or what not. And the irregularity would be just as patent whether the court or counsel knew of the filing of the demurrer or not. It seems equally manifest that the ground of the motion, that is, the real gist of it, was not because of the rendition of judgment before the action regularly stood for trial, for the irregularity did not consist in taking up the case for disposition of the issues of law raised by the demurrer out of its order with respect to other cases on the docket or at too early a date. It was quite within the discre *206 tion of the court to dispose of the demurrer at any convenient time after it had been filed, and, if overruled, and no further pleading’ was desired, to award judgment. The real objection, therefore, notwithstanding the recitals of fact in the motion, is not that the court undertook to act upon the case too soon, but that the action which it did take was irregular in substance as well as in form. It follows that the motion was not required to be filed within the first three days of the succeeding term, and was within proper time.
But if the action of the common pleas was clearly irregular in the first instance it was not less clearly erroneous in the second. The rule is two well established to need argument or illustration that, after deciding upon the grounds to vacate, the judgment shall not be vacated ‘ ‘ Until it is adjudged that there is a valid defense to the action. ’ ’ Section 5S60, Revised Statutes ; Frazier v. Williams, 24 Ohio St., 625; Watson v. Paine, 25 Ohio St., 340; Bank v. Slemmons, 34 Ohio St., 143. It is suggested that the presence of the demurrer was a sufficient showing of defense. We think not. At all events the court did not attempt even to act upon that.
The judgment of the circuit court affirming that of the common pleas, and the judgment of that court vacating the judgment of October 10, 1894, will be reversed, and the cause remanded to the latter court for further proceedings according to law on the motion.

Reversed.